CITY TRUST, SAFE-DEPOSIT & SURETY CO. OF PHILADELPHIA v. WILSON MFG. CO. et al.

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

1. NEW TRIAL—EXCEPTIONS.
Where a cause has been tried before the court without a jury, a motion for a new trial, made on exceptions, will be refused.

2. REARGUMENT—MOTION—REVIEW.
An order denying a motion for a reargument of a cause tried before a court without a jury will not be reviewed on appeal, since the granting thereof is a matter of discretion.

3. FOREIGN CORPORATION—BOND OF INDEMNITY—ACTION—APPEAL.
In an action by a foreign corporation to recover on a bond of indemnity, an objection to the recovery that such corporation cannot maintain an action founded on an act which the laws forbid, without express authority of law, as provided by Code Civ. Proc. § 1779, in that it has not filed a certified copy of its charter, as required by Laws 1892, c. 690, § 29, will not be heard for the first time on appeal.

4. SAME—ACTS ULTRA VIRES.
Where, in an action to recover on a bond of indemnity given by a foreign corporation, the defense is made that the contract was ultra vires, it will not be assumed on appeal that the act is forbidden by the laws where organized, in the absence of evidence as to its powers.

Appeal from trial term, New York county.

Action by the City Trust, Safe-Deposit & Surety Company of Philadelphia against the Wilson Manufacturing Company and another. From a judgment in favor of the plaintiff, defendant Wilson Manufacturing Company appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Edward Swann, for appellant.
William S. Ray, for respondent.

RUMSEY, J. So far as the motion for a new trial in this case was made upon the exceptions, we are not aware of any authority permitting it where the case has been tried before the court without a jury, and therefore that order must be affirmed. So far as it is a motion for a reargument, it is purely within the discretion of the judge. But all the points upon which the appellant bases its claim for a reversal of this judgment are fairly presented by the exceptions taken to the decision of the court and upon the trial. The plaintiff is a foreign corporation, organized under the laws of Pennsylvania, and engaged in the business of executing and issuing bonds and undertakings. The Wilson Manufacturing Company, which alone appeals, is a foreign corporation, organized under the laws of West Virginia. On the 21st of June, 1898, the plaintiff executed a bond to secure an appeal taken by the Mogul Manufacturing Company from a judgment against it.

To induce the plaintiff to make that bond, the defendant corporation and another person executed a bond of indemnity to save the plaintiff harmless against all loss, damages, charges, and expenses to which it should be put by reason of its execution of the appeal bond. The judgment appealed from was affirmed, and the plaintiff, in accordance with the terms of its bond, paid a very considerable sum of money, and it is to recover that amount that it brings this action against the indemnitors. The corporation defendant alone appeals from the judgment.

Two objections are taken to the recovery. In the first place, it is said that the plaintiff, being a foreign corporation engaged in the business of insurance, is forbidden by law from transacting any business in this state until it has filed a certified copy of its charter in this state. Insurance Law (section 29, c. 690, Laws 1892). By section 1779 of the Code of Civil Procedure, a foreign corporation is forbidden to maintain an action in this state founded upon an act or upon a liability arising out of, or made and entered into in consideration of, an act which the laws of this state forbid a corporation to do without express authority of law. This point was not raised by the pleadings, nor was it made upon the trial, and for this reason we think it is not available to the appellant upon this appeal. If the point had been made, it is quite likely that the plaintiff would have shown that it had complied with the statute in all respects.

The second point is that the contract of the appellant is ultra vires, the allegation being that the defendant was a foreign corporation, organized under the laws of West Virginia, and that by the statutes of that state it is not authorized to make such a bond as this is. While it appears that the defendant is a foreign corporation, organized under the laws of West Virginia, there is no evidence whatever as to the powers which it has by virtue of its organization in that state, and we cannot, for the purpose of overthrowing this judgment, assume that the act which it has seen fit to do is forbidden. The fact that it calls itself a manufacturing corporation is not conclusive upon the subject. The powers of corporations are now so extensive, and include so many objects arising indirectly out of the apparent purposes for which they are organized, that it is difficult to say in any given case that a business act is not within the powers of a business corporation.

For these reasons the judgment and order appealed from must be affirmed, with costs. All concur.